JAMES DUNCAN ET AL., RESPONDENTS, v. FRANK RANDALL, APPELLANT.

1. NOTE BY CO-PARTNERS, ACTION ON. — Where several makers of a promissory note are sued as co-partners and makers, a defense by one of the makers that he was not a co-partner with the other makers is immaterial and no defense to the suit.

Appeal from the Third Judicial District Court.
The facts sufficiently appear in the opinion of the court.

*Burmester & Dilly*, for appellant.

The first error assigned is denying the defendant's motion for a non-suit on the ground that plaintiffs failed to prove the partnership alleged to have existed at the time of the execution of the note between Frank Randall and H. D. Winsor.

Where the action is against partners it is necessary to allege and, if denied, to prove the partnership as alleged. *Amable* v. *Conklin*, 25 N. Y. R. 473; *Crandall* v. *Beach*, 7 How. P. R. 271; *Robertson* v. *Smith*, 18 Johns. R. 459.

The complaint alleges and the answer specifically denies both the existence of the partnership of the defendants, and the execution of the note sued on by the firm, as such or otherwise. The allegation of partnership was material, and the failure to prove the same was fatal to the plaintiffs' right of recovery.

All this was legitimate evidence under the pleadings, as it went to disprove the contract as alleged, to show that no such contract was ever made, and to establish the nature of the obligation which Frank Randall incurred when he signed the note, and to explain the admission made to John R. McBride, Esq., proved for plaintiffs on the trial. *Paige* v. *Bridges*, 13 Cal. 413; *Hawkins* v. *Borland*, 14 Cal. 413; *Angulo* v. *Sunol*, 14 Cal. 401; *Speak* v. *U. S.*, 9 Cranch. U. S. S. C. 28.

*Robertson & McBride*, for respondent.
No brief on file.

BOREMAN, J., delivered the opinion of the court.

The respondents (the plaintiffs below) brought their suit against the defendants on a promissory note, alleging partnership between Winsor and Randall, and that they signed the note as partners. Randall alone was served, and he answered denying the partnership, and denying that he and defendant Winsor, as partners or otherwise, made or executed said note. Upon the trial, the plaintiffs proved that Randall had admitted that he had executed the note, that it was all right and would be paid. Judgment was given against Randall and he has appealed to this court.

Upon the trial in the court below, Randall offered to show that he and H. D. Winsor were not partners, but that he and W. E. Winsor were, and that he signed said note for

and on behalf of Winsor & Randall, a firm composed of himself and W. E. Winsor. The court, on objection, did not allow him to prove these facts, and the action of the court in this respect is assigned for error.

The connection of W. E. Winsor with the note is not set up in the answer, or in any way brought into the pleadings; it is, therefore, not in issue. Randall simply denied that he and H. D. Winsor were partners, or that they signed said note as partners or otherwise. This denial of partnership was accepted as a fact, and judgment taken against him alone who had admitted that he executed the note. We see no error in the action of the court below.

The judgment is affirmed, with costs.

EMERSON, J., dissents.

SCHAEFFER, C. J., concurred in the opinion.